IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FILE NUMBER:

| | |
|---|---|
| TERRY BOSTIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **(JURY TRIAL DEMANDED)** |
| ) | |
| SMITHFIELD FOODS, INC. ) | |
| d/b/a SMITHFIELD PACKING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMES NOW** Plaintiff, Terry Bostic, by and through his undersigned attorney, for his Complaint against the Defendant, Smithfield Food, Inc. (Smithfield), and states as follows:

## I. INTRODUCTION, PARTIES & JURISDICTION:

This is an action seeking damages against the Defendant for discrimination pursuant to the Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended.

1. Plaintiff is a U.S. citizen and resident of Raeford, North Carolina.

2. Defendant is a business with an office located in Tar Heel, North Carolina.

3. Defendant's primary office is located in Smithfield, VA, but they have a significant operation within this jurisdiction and across the country.

4. Defendant Smithfield is an employer engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

1

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as there are questions of Federal Law.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b) and (d) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## **II. FACTS**

7. Terry Bostic (hereinafter "Plaintiff") was hired by Defendant on or about September 4, 2018.

8. About April 10, 2020, Plaintiff informed Defendant that he was having difficulty breathing.

9. Plaintiff was later diagnosed with Pneumonia and had to have Emphysema surgery.

10. Plaintiff filed for short term disability through his employer and his insurance company.

11. On August 14, 2020, Plaintiff received his last disability check.

12. On September 18, 2020, Plaintiff was cleared to return to work, and he did in fact return.

13. However, Tiffany Daquette, who worked in human resources advised Plaintiff to go home and that she would ensure that he received long term disability.

14. Defendant, through Tiffany Daquette completed paperwork on the Plaintiff's behalf and ensured Plaintiff that he would be compensated until he was allowed to return to work.

15. Although Plaintiff informed Defendant that he was willing and able to work with a reasonable accommodation, he was not allowed to return,

16. Instead, Defendant refused to allow Plaintiff to return to work and on August 14, 2020, Plaintiff received his last disability check despite being reassured that he would be receiving disability pay until he returned to work.

17. Plaintiff was informed that his status is currently listed as retired, yet he has received no compensation or other medical benefits as promised.

18. Upon information and belief Plaintiff was discriminated against based on his disability and race.

### III. CLAIMS FOR RELIEF

### First Claim of Relief – Disability Discrimination

19. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

20. Defendant discriminated against Plaintiff by treating him disparately due to a disability.

21. Defendant refused to allow Plaintiff to return to work and denied his request for a reasonable accommodation without any attempt to comply with the law or to accommodate Plaintiff.

22. Defendant's actions complained of herein subject the Plaintiff to discrimination on the basis of his disability, in violation of the ADA.

23. As a direct result of Defendant's actions, Plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $50,000.00.

### Second Claim of Relief – Race Discrimination

24. Plaintiff realleges and incorporates by reference all preceding paragraphs above.

25. Defendant discriminated against Plaintiff by refusing to allow him to return to work.

3

26. Plaintiff was not allowed to return to work despite having a doctor's note stating that he could return with a reasonable accommodation.

27. As a result, Plaintiff missed out on pay and promotional opportunities.

28. Plaintiff alleges that race was a motivating factor in the decision not to return due to the fact that other white males who experienced disabilities were allowed to return to work and were provided reasonable accommodation or at least allowed to return once they were completely cleared by a medical doctor.

29. Defendant's actions complained of herein subjected Plaintiff to discrimination based on race, in violation of Title VII of the Civil Rights Act of 1964.

30. As a direct result of Defendant's actions, Plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $50,000.00.

## Third Claim of Relief – Retaliation

31. Plaintiff realleges and incorporates by reference all preceding paragraphs above.

32. Defendant retaliated against Plaintiff by refusing to allow him to return to work.

33. Plaintiff returned to work on August 3, 2020. However, Defendant sent him home on August 8, 2020, and told him not to return.

34. When Plaintiff complained, he was instructed that medical documentation would be required before he would be allowed to return.

35. Plaintiff did in fact provide the documentation on September 8, 2020.

36. Despite having the documentation in hand, Defendant has refused to allow Plaintiff to return to work in retaliation for Plaintiff's complaints.

37. Defendant's actions complained of herein subjected Plaintiff to retaliation in violation of Title VII of the Civil Rights Act of 1964.

38. As a direct result of Defendant's actions, Plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $50,000.00.

## IV. DAMAGES

39. As a result of the discrimination complained of herein, Plaintiff has been deprived of his rights protected by the ADA and Title VII of the Civil Rights Act of 1964.

40. Plaintiff has been deprived of a paycheck since August 2020 and has been unable to find similar employment.

41. By reason of Defendant's conduct and as a proximate result thereof, Plaintiff has suffered the loss of a career and has suffered emotional distress.

42. As a direct result of Defendant's actions, Plaintiff has suffered economic damages and emotional distress, in an amount in excess of $50,000.00.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

43. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 433-2020-02843. The EEOC issued a Notice of Right-To-Sue on July 30, 2021. Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right-To-Sue. He has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.

## VI. JURY TRIAL DEMANDED

44. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

45. Wherefore, Plaintiff prays that the discrimination alleged herein be remedied in full and that the Court, after a jury trial:

5

1) Declare the actions complained of herein to be illegal;

2) Issue an injunction enjoining Defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with Defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice to be shown in violation of Title VII of the Civil Rights Action of 1964 and;

3) Award Plaintiff compensatory damages, including damages for mental anguish and stress, and harm to Plaintiff's career opportunities;

4) Award Plaintiff back pay, front pay, and all other economic damages to provide make whole relief;

5) Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses;

6) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 28th day of October 2021.

/s/Walter L. Bowers Jr.
Walter L. Bowers Jr
Wooden Bowers PLLC
8420 University Executive Park Dr. Suite 400
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
Email: wbowers@wbvlaw.com
Attorney for the Plaintiff