IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-cv-00186-M

| | |
|---|---|
| TERRY BOSTIC,<br><br>    Plaintiff,<br><br>v.<br><br>SMITHFIELD FOODS, INC.,<br><br>    Defendant. | ORDER |

This matter comes before the court on Defendant Smithfield Foods, Inc.'s ("Smithfield") motion for summary judgment [DE 40]. Plaintiff Terry Bostic ("Bostic") has sued Smithfield under the American with Disabilities Act ("ADA") for allegedly barring him from returning to work because of his disability. *See* DE 1. On January 16, 2023, Smithfield moved for summary judgment, contending that Bostic is not a "qualified individual" under the ADA and that he did not experience any adverse employment action. *See* DE 41. Bostic did not respond.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II entered a memorandum and recommendation ("M&R") [DE 52], recommending that the court grant Smithfield's motion and dismiss Bostic's complaint with prejudice. Judge Numbers provided two independent bases for his recommendation. First, the undisputed facts demonstrate that Bostic was not a "qualified individual" within the meaning of the ADA because he testified that he has been unable to work since enrolling in Smithfield's COVID-related leave program (the "Might Be At Increased Risk" program). DE 52 at 4. Second, the undisputed facts demonstrate that Smithfield did not take any "adverse action" against Bostic

because Bostic did not return to work at the end of Smithfield's leave program, even when Smithfield timely warned him that failure to return would be considered voluntary resignation.

Bostic timely filed several objections to the proposed findings contained in the M&R. *See* DE 53. Bostic disputes the finding that he "chose" to enter the leave program; he contends that Smithfield made that decision for him when it "handed him" certain disability papers and instructed him "to immediately have them filled out" by his doctor. *Id.* at 1. He also disputes the finding that he could return to work on or before May 17, 2021; he contends he could not return because he had already filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). *Id.*[1]

This court is mindful of the governing standard when reviewing a magistrate judge's proposed findings and recommendation. The court "may accept, reject, or modify, in whole or in part, the ... recommendation[] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court finds no clear error in Judge Number's recommendation that Bostic was not a "qualified individual" within the relevant period of alleged discrimination, as required to establish a prima facie case of disability discrimination under the ADA. *See EEOC v. Stowe-Pharr Mills,*

---

[1] The court notes Bostic objects to the date on which he sued Smithfield, contending his "EEOC paperwork" provides the relevant date. DE 53 at 1. The record clearly shows he filed the instant complaint on October 28, 2021. *See* DE 1. The attached right-to-sue letter [DE 53-1 at 2–3] merely provides the date after which he could sue Smithfield.

2

*Inc.*, 216 F.3d 373, 377 (4th Cir. 2000). His testimony remains uncontroverted that he could not work after he entered leave, with or without a reasonable accommodation. Thus, he was not "an individual who can perform the essential functions" of his job regardless of any accommodation reasonably available. *See* 42 U.S.C. § 12111(8) (definition of "qualified individual"); *see also Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 365–66 (4th Cir. 2022).

Bostic's objections are specific and timely, requiring this court to make a de novo determination (i.e., take a fresh look) of those proposed findings which he disputes, namely whether Smithfield forced him to enter its COVID-related leave program and whether it forced him to resign when the program ended due to the fact that his disability prevented him from being able to return to work. But a de novo determination of these facts would be fruitless. Even if the court sustains Bostic's objections, the material fact remains that he was completely unable to work after taking leave, thereby disqualifying him from relief under the ADA as a matter of law.

Thus, upon careful review of the M&R and the record presented, and finding no clear error as to those portions to which Bostic did not object, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein regarding Bostic's status as a qualified individual, Defendant's Motion for Summary Judgment [DE 40] is GRANTED. Bostic's complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this case.

SO ORDERED this 23d day of August, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE